Anyichie v Lincoln Med. & Mental Health Ctr. (2019 NY Slip Op 07735)





Anyichie v Lincoln Med. & Mental Health Ctr.


2019 NY Slip Op 07735


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10224 153343/17

[*1] Dr. Nonyelu Anyichie, Plaintiff-Appellant,
v
Lincoln Medical and Mental Health Center, Defendant-Respondent.


Law Offices of Albert Van-Lare, New York (Albert Van-Lare of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about February 8, 2018, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The complaint, which asserts a claim pursuant to Public Health Law § 2801-c for an alleged violation of Public Health Law § 2801-b(1), was properly dismissed. Plaintiff's challenge of defendant's decision not to renew her hospital privileges is not based on one of the enumerated reasons set forth in § 2801-b(1), but instead, is based exclusively on her contention that she was denied due process due to defendant's failure to abide by its bylaws. Given the plain language of § 2801-b, plaintiff's demand for reinstatement, premised on a violation of the bylaws, is not a permissible basis to maintain a § 2801-c claim (see Public Health Law §§ 2801-b[1]; 2801-c).
Section 2801-b(2) requires any person claiming to be aggrieved by an improper practice under Public Health Law § 2801-b(1) to first make a complaint to the Public Health and Health Planning Council (PHHPC), which requires the PHHPC to conduct an investigation and determine if "cause exists for crediting the allegations of the complaint" (Public Health Law § 2801-b[3]). The PHHPC's review is limited to whether there has been a violation of one of the two instances of improper conduct set forth in § 2801-b(1). The complaint asserts that the court should adhere to the PHHPC's determination in this case (that defendant denied plaintiff due process because it violated the procedure in its bylaws); however, it is inherently flawed because the PHHPC did not have authority to make such a determination.
Additionally, pursuant to Public Health Law § 2801-c, any finding of the PHHPC after review of a decision to deny privileges is prima facie evidence in any action of the fact found. Here, however, the PHHPC made no factual findings in its decision (see Karim v Raju, 165 AD3d 504 [1st Dept 2018]) and did not set forth any reasoning for its conclusion (see 10 NYCRR 93.5[a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK